# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHASE M. LENTZ,
                    Appellant,

            v.

DEPARTMENT OF THE INTERIOR,
                    Agency.

DOCKET NUMBER
SF-4324-15-0364-I-1

DATE: October 14, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chase M. Lentz, Fresno, California, pro se.

Kevin D. Mack, Esquire, and Christine Foley, Sacramento, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, in which the administrative judge found that the appellant failed to establish jurisdiction over his claim that the agency constructively discharged him in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, to clarify the basis for the jurisdictional dismissal, we AFFIRM the initial decision. However, we FORWARD the appellant's USERRA claims concerning his letter of reprimand (LOR), 14-day suspension, and alleged constructive suspension to the regional office for docketing as a new appeal.

## BACKGROUND

¶2 On May 15, 2014, the agency issued the appellant an LOR based on charges of acting outside the scope of his authority and conduct unbecoming. Initial Appeal File (IAF), Tab 4, Subtab 4g. On November 13, 2014, the agency again charged him with acting outside the scope of his authority and conduct unbecoming, and proposed a 14-day suspension. *Id*., Subtab 4d. According to the appellant, he then took leave for medical reasons from November 14, 2014, to February 13, 2015. Petition for Review (PFR) File, Tab 1 at 11; IAF, Tab 9 at 11, 50-60.

¶3 In a February 10, 2015 decision letter, the deciding official sustained both charges underlying the proposed 14-day suspension. IAF, Tab 4, Subtab 4b. The

suspension penalty was to be effective February 15, 2015. *Id.*, Subtab 4c. On February 11, 2015, the appellant notified the agency by email that he was resigning from his position, effective February 13, 2015. *Id.*, Subtab 4b. He indicated in his email that his resignation was the result of a hostile work environment. *Id.*

¶4    On February 25, 2015, the appellant filed an appeal in which he alleged that the agency coerced his February 13, 2015 resignation by bringing unjustifiable charges and creating unreasonably difficult working conditions. IAF, Tab 1. He identified the unjustifiable charges as those set forth in the May 15, 2014 LOR, the November 13, 2014 notice of proposed suspension, and the February 10, 2015 decision letter. *Id.* He further alleged that the agency violated USERRA by discriminating against him because of his military service and status as a disabled veteran, and retaliating against him for having exercised a right provided for under USERRA. *Id.*[2]

¶5    For reasons that are unclear, the regional office docketed the appellant's February 25, 2015 pleading as two separate appeals. In *Lentz v. Department of*

---

[2] The appellant has since filed four additional Board appeals. On June 12, 2015, he filed an individual right of action (IRA) appeal, in which he alleged that the agency took various personnel actions—including the LOR, the proposal notice and decision letter on the 14-day suspension, and an alleged constructive discharge—in retaliation for protected whistleblowing activity. *Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-15-0688-W-1. In his May 13, 2016 initial decision, the administrative judge found that the appellant was collaterally estopped from reasserting his constructive discharge claim, and the remaining whistleblowing reprisal claims were either dismissed for lack of jurisdiction or denied on the merits on the ground that the appellant's disclosures were not protected. The appellant has filed a petition for review of that decision, which is currently pending before the full Board. Furthermore, another IRA appeal is currently pending in the regional office. *Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-16-0681-W-1 (filed on August 7, 2016). In addition to these IRA appeals, the appellant also has filed two other USERRA appeals, dated January 4, 2016, and August 7, 2016, respectively, in which he alleges USERRA violations in connection with various nonselections and other actions. *Lentz v. Department of the Interior*, MSPB Docket No. SF-4324-16-0198-I-1; *Lentz v. Department of the Interior*, MSPB Docket No. SF-4324-16-0680-I-1. Those appeals are currently pending in the regional office.

*the Interior*, MSPB Docket No. SF-0752-15-0363-I-1 (*Lentz I*), the administrative judge considered the appellant's pleading as a claim that his resignation was involuntary and thus tantamount to an appealable removal action under 5 U.S.C. chapter 75. In the instant appeal, the administrative judge considered the pleading as a complaint under USERRA, concerning the same alleged involuntary resignation. IAF, Tabs 2, 8.

¶6　　　On July 10, 2015, the administrative judge dismissed *Lentz I* for lack of Board jurisdiction, finding that the appellant's resignation was not involuntary because a reasonable person in the appellant's position would not have felt compelled to resign. *Lentz I*, Initial Decision (July 10, 2015). The appellant filed a petition for review, and the Board affirmed the initial decision. *Lentz I*, Final Order (Jan. 11, 2016).

¶7　　　Meanwhile, in the instant appeal, the administrative judge issued an order advising the appellant of the requirements for establishing jurisdiction under the discrimination and retaliation provisions of USERRA, 38 U.S.C. § 4311(a)-(b). IAF, Tab 8. The administrative judge further informed the appellant that a resignation is presumed to be voluntary and that, unless he made a nonfrivolous allegation that his resignation was the result of duress, coercion, or misrepresentation by the agency resulting from USERRA discrimination or reprisal, his appeal would be dismissed. *Id*. at 4-5. Confusingly, the administrative judge further indicated that he would not consider the involuntary resignation claim in any event, because that claim was the subject of *Lentz I*. *Id*. at 4 n.1.

¶8　　　Both parties responded to the order. IAF, Tabs 9, 11. In his response, the appellant again alleged that he had resigned involuntarily due in part to the LOR and 14-day suspension, and further alleged that the LOR and the proposal notice and decision letter on the 14-day suspension were themselves in violation of

USERRA. IAF, Tab 9 at 7. The appellant further argued that his medical leave amounted to a constructive suspension. *Id*. at 9-11.[3]

¶9 Based on the parties' written submissions, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID). In doing so, the administrative judge first found that the appellant was collaterally estopped from relitigating the "overall" issue of whether his resignation was involuntary, because that issue already had been decided in *Lentz I*. ID at 6. The administrative judge proceeded to find that the appellant failed to nonfrivolously allege that he was subjected to a USERRA discriminatory or retaliatory hostile work environment so coercive in nature that he had no choice but to resign. ID at 7-8. In reaching that conclusion, the administrative judge noted that the LOR made reference to a letter from the Department of Veterans Affairs concerning treatment of the appellant, and that the February 10, 2015 decision letter on the 14-day suspension referred to the appellant's veterans' status. ID at 9; *see* IAF, Tab 4, Subtabs 4c, 4g. The administrative judge found that these matters were mentioned only as possible mitigating circumstances. ID at 9. However, the administrative judge did not make a finding as to whether the Board had jurisdiction over the appellant's claims that the agency violated USERRA in connection with the LOR, 14-day suspension, or alleged constructive suspension.

¶10 On review, the appellant argues that the administrative judge erred by dismissing his USERRA claim for lack of jurisdiction and in applying the doctrine of collateral estoppel. PFR File, Tab 1 at 4-5, 8-15. He further objects

---

[3] In arguing that he was constructively suspended, the appellant contended that the agency had denied him reasonable accommodation in violation of USERRA. IAF, Tab 9 at 11. The latter claim was fully adjudicated in *Lentz v. Department of the Interior*, MSPB Docket No. SF-4324-15-0225-I-1, Initial Decision (Apr. 21, 2015); Final Order (Sept. 21, 2015), and the agency prevailed on the merits in that appeal. However, it is unclear to what extent the appellant's constructive suspension claim rests on the allegedly improper denial of reasonable accommodation.

that the administrative judge failed to consider his USERRA claims concerning the LOR, 14-day suspension, and alleged constructive suspension. *Id.* at 5-7. The agency has responded to the petition for review. PFR File, Tab 3.

## ANALYSIS

¶11　　In the instant appeal, the appellant alleges that the agency both discriminated against him based on his military service and retaliated against him for protected USERRA activity. IAF, Tab 1. Both types of claims are cognizable under USERRA. 38 U.S.C. § 4311(a)-(b).

¶12　　To establish jurisdiction over a USERRA discrimination appeal arising under 38 U.S.C. § 4311(a), an appellant must make nonfrivolous allegations that: (1) he performed duty or has an obligation to perform duty in an uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Kitlinski v. Department of Justice*, 123 M.S.P.R. 41, ¶ 7 (2015); *see* 5 C.F.R. §§ 1201.57(b), 1208.2(a). In the case of a USERRA retaliation claim under 38 U.S.C. § 4311(b), the jurisdictional test differs in that the appellant need not have performed service in the uniformed services. *Lee v. Department of Justice*, 99 M.S.P.R. 256, ¶ 9 n.5 (2005). In addition, jurisdiction under 38 U.S.C. § 4311(b) is limited to claims that an employer discriminated in employment or took an adverse employment action because of protected USERRA activity. *Kitlinski*, 123 M.S.P.R. 41, ¶¶ 22-23. A claim under USERRA should be construed broadly and liberally in determining whether it is nonfrivolous. *Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 11 (2009).

¶13　　As the administrative judge correctly found, the appellant is collaterally estopped from arguing that his resignation amounted to a constructive discharge. Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is

identical to that involved in the prior action;[4] (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Hau v. Department of Homeland Security*, 2016 MSPB 33, ¶ 12. Here, the identical issue of whether the appellant's resignation was voluntary previously was litigated in *Lentz I*. Further, the administrative judge's jurisdictional finding in *Lentz I* was necessary for the dismissal on that basis, the appellant was a party, and he had a full and fair opportunity to litigate his claims. The appellant thus is precluded from relitigating the issue of whether his resignation was involuntary.

¶14     Because the appellant is barred from arguing that his resignation was involuntary, he cannot make even a nonfrivolous allegation that the agency constructively removed him based on his military service or protected USERRA activity. *See Hau*, 2016 MSPB 33, ¶ 14. The administrative judge was therefore correct in dismissing the appellant's USERRA claims concerning the alleged constructive discharge for lack of jurisdiction. *Id*.

¶15     However, the Board has yet to adjudicate or determine its jurisdiction over the appellant's claims that the agency violated USERRA in connection with the LOR, 14-day suspension, or alleged constructive suspension. Accordingly, we forward these claims to the regional office.

---

[4] The appellant correctly observes that *Lentz I* and the instant appeal were based on the same February 25, 2015 pleading, and we do not necessarily endorse the administrative judge's decision to docket that pleading as two separate appeals. Nonetheless, we find that *Lentz I* is a "prior action" for collateral estoppel purposes because the Board issued its final decision in *Lentz I* before the administrative judge issued the initial decision in the instant appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.